LODGE 1858, AMERICAN FEDERA-
TION OF GOVERNMENT EM-
PLOYEES et al., Plaintiffs,

v.

James E. WEBB, Administrator, NASA
et al., Defendants.

Civ. A. No. 3261–67.

United States District Court
District of Columbia.

April 9, 1968.

Edward L. Merrigan, Washington, D. C., for plaintiffs.

Joseph Hannon and Gilbert Zimmerman, Asst. U. S. Attys., Washington, D. C., for defendants.

Paul A. Porter and James F. Fitzpatrick, Washington, D. C., for intervenor.

## OPINION

HOLTZOFF, District Judge.

This is an action by a Union of Federal Government employees and certain individual employees to enjoin a Government agency from discharging or demoting a large number of employees or, in the alternative, render a declaratory judgment adjudicating that the action of the Government, of which the plaintiffs complain, is invalid and in violation of law. The defendants move to dismiss the complaint as not stating a valid claim for relief.

This is a most extraordinary suit. To ask the courts to enjoin a Government agency from discharging employees or demoting them and thus interfere with the internal day-to-day administration of Governmental functions, would be a very unusual action for the courts to take. To be sure, if any of the dismissals or demotions are in violation of the Civil Service Act, the individual employees against whom adverse action has been taken have an adminis-

trative remedy provided by law within the Civil Service Commission, and after it is exhausted they may bring individual actions for relief. The relief that may be granted, however, is of a very limited character. The courts may not and do not interfere with the internal administration of Government departments.

This Court had occasion to discuss this general topic in another connection only a few months ago in the case of Protestants and Other Americans United for Separation of Church and State v. O'Brien, 272 F.Supp. 712, 715. There this Court stated:

"The Courts may not, however, control or supervise the operations of the other two branches of Government. Thus the courts may not interfere with the management of the internal affairs of either House of Congress * * * or pass upon the qualifications of its members * * *. So, too, the courts may not control, direct, supervise or interfere with the management, operation or activities of the departments or other agencies of the Executive branch of the Government, or of Government establishments, such as public schools, or public hospitals. Federal judges are not supervisors or overseers of Government agencies or institutions."

Many years ago, Chief Justice Taney, in his usual pointed manner, in the case of Decatur v. Paulding, 14 Pet. 497, 516, 10 L.Ed. 559, made the following statement:

"The interference of the courts with the performance of the ordinary duties of the Executive departments of the Government would be productive of nothing but mischief and we are quite satisfied that such a power was never intended to be given them."

■ The Court is of the opinion that the complaint does not set forth a valid claim for relief because the Court may not enjoin a Government agency from discharging any of its employees, nor may it issue such a declaratory judgment. In addition, the doctrine of exhaustion of administrative remedies is peculiarly applicable in such a case. These remedies must be exhausted by individual employees affected adversely and only after the remedies are exhausted, may relief be asked from the courts.

The fact that this Court at one time granted a preliminary injunction, which has since been vacated, does not affect the conclusion which the Court reaches. This Court, as it has stated more than once in the course of this litigation, would not have granted a preliminary injunction were it not for the following unusual situation. It appeared that the Civil Service Commission was questioning and investigating the action of the defendant agency in this case in connection with its personnel policies and interposed certain objections. The Court granted a preliminary injunction in aid of the position of the Civil Service Commission, which is charged by law and by the President with the duty of enforcing personnel policies. It was for that reason, and that reason alone, that the preliminary injunction was granted. It is apparent that the Civil Service Commission has completed its investigation and that the employing agency has apparently yielded to certain views of the Civil Service Commission by withdrawing a majority of the notices of separation or demotion involved in this case.

■ I refer to this fact in order that the granting of the preliminary injunction should not be regarded by anyone as an expression of this Court that the complaint stated a cause of action. The purpose of the preliminary injunction was merely to maintain the status quo in view of this extraordinary situation in which one Government agency was objecting to the actions of another, the former being charged with the personnel policies involved.

The motion to dismiss is granted and counsel may submit an order accordingly.