**OPAL MANUFACTURING CO., LTD., Plaintiff,**

v.

**UMC INDUSTRIES, INC., Defendant,**

v.

**UNITED STATES POSTAL SERVICE, Intervenor-Defendant.**

Civ. No. 82–2699.

United States District Court, District of Columbia.

Nov. 17, 1982.

William J. Spriggs, Joe G. Hollingsworth and William C. Lane, Jr. of Batzell, Nunn & Bode, Washington, D.C., for plaintiff.

W. Stanfield Johnson, Kent R. Morrison and Frederick W. Claybrook, Jr. of Crowell & Moring, Washington, D.C., and John L. Altieri, Jr. of Mudge, Rose, Guthrie & Alexander, New York City, for defendant.

Stanley S. Harris, U.S. Atty., Royce C. Lamberth, John D. Bates and David H. Enzel, Asst. U.S. Attys., and Donald S. Lilly, Law Dept., U.S. Postal Service, Washington, D.C., for intervenor-defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This matter is before the Court on Intervenor-Defendant United States Postal Service's ("USPS") Motion to Dismiss and the Defendant Cross-Claimant UMC Industries' ("UMC") opposition thereto and the memoranda submitted to the Court regarding the jurisdiction of the Court over this matter.

For the reasons set forth herein, the Court is convinced that the cross-claim filed against the USPS is not properly before this Court and therefore this claim will be dismissed.

## BACKGROUND

The original complaint in this action was filed on September 22, 1982 by Opal Manufacturing Co., Ltd. ("Opal"), a Canadian firm engaged in manufacturing postage stamp vending machines. Opal alleged that UMC, a United States based manufacturer of specialized equipment, had misappropriated proprietary information that Opal had supplied to UMC in connection with a proposed business arrangement. Opal sought to enjoin UMC from using that information in preparing to enter a bid in response to a USPS solicitation for the purchase of postage stamp vending machines (the "solicitation"). Opal further requested a permanent injunction to prevent UMC from using the alleged illegally obtained information for any other purpose, an accounting of UMC's distribution of the information and return of two machines Opal had delivered to UMC. The complaint did not state a claim against USPS. The USPS was joined as an intervenor-defendant at the Court's suggestion, in order to allow it to protect its interest in the solicitation.

On September 23, 1982 this Court denied Opal's request for a temporary restraining order. The next day the USPS opened bidding under the solicitation. UMC was the lowest bidder and Opal was second in line.[1] Subsequently, several bid challenges were filed. The USPS is in the process of investigating these challenges and award of the contract is now expected to occur on or about November 24, 1982.

UMC filed its answer to Opal's complaint on October 12, 1982. On that date UMC also filed a counter-claim against Opal and a cross-claim against USPS. The counter-claim seeks damages against Opal for allegedly providing UMC with false informa-tion in order to create or maintain a monopoly in stamp vending machines, attempting to disable UMC from bidding on the solicitation by attempting to reveal to it purportedly proprietary information and employing an agent to secure an unfair advantage in the solicitation.

UMC's cross-claim seeks to enjoin USPS from awarding the vending machine contract to any party other than UMC. UMC claims that it is entitled to the contract under USPS regulations because (a) UMC was the low responsive bidder; (b) Opal unlawfully employed an agent in connection with the solicitation; and, (c) the USPS solicitation was improperly formulated.

On October 25, 1982 Opal filed its reply to the UMC counter-claim, moved to amend its complaint (mainly to add a claim for damages) and moved for leave to intervene on behalf of the USPS in UMC's cross-claim. The same day this Court held a status call and granted both of Opal's motions. Further, the Court ordered all parties to prepare memoranda on the question of the jurisdiction of this Court to hear this case in light of the recently passed Federal Courts Improvement Act of 1982. Pub.L. No. 97–164, 96 Stat. 25. All parties filed such memoranda and in addition, USPS filed a Motion to Dismiss the claim filed against it.

## ANALYSIS

▮▮▮ The jurisdiction of the new United States Claims Court is set forth at § 133 of the Federal Courts Improvement Act of 1982. Pub.L. No. 97–164, § 133, 96 Stat. 25, 40. The provision applicable to the matter at bar is § 133(a)(3). That section provides:

> To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief. In exercising this jurisdiction, the court shall give due regard to the interests of national defense and national security.

---

1. A third party, General Aero Products, also participated in the solicitation but entered a bid that was higher than that quoted by either Opal

or UMC. The contracting officer has already formally determined that the bid submitted by General Aero Products was non-responsive.

Thus, section 133(a)(3) states that the Claims Court has "exclusive jurisdiction" over pre-award contract claims. Defendant argues that this plain language is not consistent with congressional intent as evidenced by the legislative history of the Act. However, "[t]he starting point in every case involving construction of a statute is the language itself." *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 756, 95 S.Ct. 1917, 1935, 44 L.Ed.2d 539 (1975) (Powell, J. concurring). *See also Greyhound Corp. v. Mount Hood Stages Inc.,* 437 U.S. 322, 330, 98 S.Ct. 2370, 2375, 57 L.Ed.2d 239 (1978); *Santa Fe Industries Inc., v. Green,* 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977). And it is a maxim of statutory construction that when the language of a statute is clear a court must enforce it according to its terms. *E.g., Yates v. United States,* 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957). As the Court of Appeals for this circuit recently stated, legislative history "may not be used as a means for construing a statute contrary to its plain terms." *United Mine Workers of America v. Federal Mine Safety and Health Review Commission,* 671 F.2d 615 (D.C.Cir.1982). Thus, the Federal Courts Improvement Act must be read to vest jurisdiction in the Claims Court for pre-award contract claims, to the exclusion of this Court. To the extent that this case presents such claims, jurisdiction in this Court is lacking.

UMC's cross-claim seeking to enjoin USPS from awarding the postage stamp vending machine contract to anyone other than UMC is clearly just the kind of a claim that § 133(a)(3) of the Federal Courts Improvement Act was designed to cover.[2] As previously noted, exclusive jurisdiction over such pre-award contract claims is now vested in the United States Claims Court. Accordingly, this Court will dismiss UMC's cross-claim for lack of jurisdiction.[3] The Court's jurisdiction over the complaint and counter-claim in this suit is not affected by the Federal Courts Improvement Act and thus the Court will continue to hear these claims.

An order in accordance with the foregoing will be issued of even date herewith.

---

2. UMC's cross-claim against USPS was filed on October 12, 1982. It is, therefore, clearly covered by the provisions of the Federal Courts Improvement Act because the Act took effect on October 1, 1982. Pub.L. No. 97–164 § 402, 96 Stat. 25, 57. Moreover, the Act's savings clause does not apply to the case at bar. *Id.* at § 403.

3. The Court's ruling that there is no jurisdiction over UMC's cross-claim is premised on the fact that the cross-claim is a pre-award contract claim. Jurisdiction is proper over post-award contract claims. Thus, ordinarily UMC would be free to reassert this claim after the contract was awarded (in the event that award of the contract did not render the matter moot.) However, it appears to the Court that this cross-claim would not be proper even as a post-award contract claim because USPS was not UMC's co-party within the meaning of Fed. R.Civ.P. Rule 13(g) in that no claim had been filed against it.