AMERICAN COASTAL LINE JOINT VENTURE, INC., Plaintiff,

v.

UNITED STATES LINES, INC.

and

Sea-Land Service, Inc., Defendants.

Civ. A. No. 83–706.

United States District Court, District of Columbia.

March 29, 1983.

Edward J. Sheppard and J. Thomas Esslinger, Schmeltzer, Aptaker & Sheppard, Washington, D.C., for plaintiff.

Sanford M. Litvak, Donovan, Leisure, Newton & Irvine, Washington, D.C., for defendant United States Lines.

Gerald A. Malia, Ragan & Mason, Washington, D.C., and Robert S. Zuckerman, Oliver J. Trytell, and John M. Ridlon, Sea-Land Industries, Inc., Iselin, N.J., for defendant Sea-Land Services.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

■ Before the Court are plaintiff's motion for a preliminary injunction, defendants' oppositions thereto, and the entire record herein, the Court having heard oral argument and requested proposed findings of fact and conclusions of law from the parties. Plaintiff, a small, new shipping line, seeks to enjoin two large shipping lines from carrying more than 74% of military cargo on two international sea transport routes. These two carriers presently carry 74% of the cargo under the "Round 1" contract awarded by the Military Sealift Command (MSC) last year; plaintiff carries the rest. On the most recent "Round 2" contract, due to take effect on April 1, 1983, defendants outbid plaintiff by substantially lowering their bids. Plaintiff alleges that, if defendants are able to take advantage of the new contract, it will be forced out of business. It argues that defendants should be enjoined from taking advantage of the new contract because they submitted non-compensatory, unreasonably low bids in violation of § 18(b)(5) of the Shipping Act of 1916, 46 U.S.C. § 817(b)(5).[1] After careful consideration, the Court has decided to deny the requested injunction, because plaintiff, despite outstanding legal representation, has not met the exacting standards for the issuance of such relief.

## I. THE COURT HAS JURISDICTION OVER THIS REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF.

■ Defendants have made a number of arguments as to why this Court does not have jurisdiction to grant the relief requested by plaintiff, reasons with which the Court does not agree. Defendants claim first that the Federal Maritime Commission (FMC) has primary jurisdiction over this matter to the exclusion of this Court, and they note that plaintiff has already sought action from FMC. In response, plaintiff appropriately cites the Fifth Circuit case of *Texas v. Seatrain International, S.A.*, 518 F.2d 175 (5th Cir. 1975). *Seatrain*, which in turn cites to a host of prior supportive decisions, holds that it *is* appropriate to seek preliminary injunctive relief from the District Court in circumstances such as this, since the FMC has no power to grant such relief itself. *Id.* at 178. Such power is considered to be exercised "in aid of" the FMC's jurisdiction.[2]

■ Defendants argue next that the MSC, the federal agency that is contracting for the services involved here, is an indispensable party to this action, and that the

---

1. In its original complaint, plaintiff also alleged that defendants engaged in price-fixing in violation of both the Shipping Act and the Sherman Antitrust Act, but plaintiff voluntarily dismissed these claims at the time of the hearing on the preliminary injunction in the interest of judicial efficiency and economy.

2. It is unfortunate that the FMC, the entity which clearly has the critical technical expertise in this area, is not empowered to grant injunctive relief, as for instance is the Interstate Commerce Commission.

action should be dismissed unless the MSC is joined. Plaintiff contends that it has no gripe with the MSC, only with defendants, and that is why it did not join the MSC. It appears to the Court that even if plaintiff has no gripe with the MSC, the MSC's interests may well be affected by the outcome of this suit. Nonetheless, the MSC, through counsel, appeared before the Court at oral argument and indicated that it did not wish to be joined, and was willing to abide by whatever decision the Court chose to reach in this case. Although it runs counter to this Court's better instincts, it is clearly within the Court's discretion under Fed.R.Civ.P. 19 to allow this case to go forward without the joinder of the MSC.

 Finally, defendants argue that the matter in issue here is really a government contracts dispute that should be heard by the new United States Claims Court. However, as this Court has already observed in *Opal Manufacturing Co., Ltd. v. UMC Industries, Inc.,* 553 F.Supp. 131, 133 n. 3 (D.D.C.1982), the new Claims Court only has exclusive jurisdiction in the *pre*-award stage of government contracts disputes. In this case, the critical "Round 2" contract has already been awarded and therefore this dispute is out of the pre-award stage and into the stage where this Court *does* have jurisdiction. Defendants' best argument to the contrary is that this dispute is subject to the Contract Disputes Act of 1978, 41 U.S.C. § 601 *et seq.,* and therefore should be submitted to a "Contracting Officer" and then to the Claims Court. But, the fact that plaintiff may seek relief from such an officer, as it has in fact done here, does not mean that such relief is exclusive of relief from this Court.

## II. PLAINTIFF HAS NOT SATISFIED THE EXACTING STANDARDS FOR THE ISSUANCE OF A PRELIMINARY INJUNCTION.

 An injunction is an extraordinary remedy, the purpose of which is to pre-serve the *status quo,* and the plaintiff has a substantial burden of proof in order to demonstrate its right to such relief. *Texas v. Seatrain International, S.A.,* 518 F.2d 175, 179 (5th Cir.1975); *Lodge 1858, American Federation of Government Employees v. Webb,* 283 F.Supp. 155 (D.D.C.1968). Under the controlling case of *Washington Metropolitan Area Transit Commission v. Holiday Tours,* 559 F.2d 841, 843–44 (D.C.Cir.1977), four factors must be considered in determining whether plaintiff has met its substantial burden: 1) whether plaintiff has made substantial showing on the merits, 2) whether the denial of relief will result in irreparable injury to plaintiff, 3) the balance of harm that may befall other interested parties if the relief is granted, and 4) where the public interest lies. These factors shall be considered in turn.

## A. PLAINTIFF HAS FAILED TO MAKE A SUBSTANTIAL SHOWING ON THE MERITS.

Plaintiff claims that defendants submitted noncompensatory, unreasonably low bids for the Round 2 contract. This is essentially a factual allegation, for which plaintiff's primary evidence is an expert analysis by a maritime economist, who concludes that defendants' bids are not only below fully-distributed cost but below defendants' actual cost. Defendants have skillfully rebutted this evidence by pointing out that it is not based on actual data but rather on faulty assumptions about defendants' vessel capacity, utilization rate, capital costs, overhead costs, and vessel operating expenses. Defendants also contends that the FMC has abandoned the standard of fully-distributed cost,[3] and that, even if that standard is applied, their rates *do* exceed their costs. Although defendants were originally reluctant to disclose the

---

**3.** The Court does not decide whether or not fully-distributed cost should be considered the applicable costing standard. At this time, even the FMC has not formally decided whether it will retain the standard, as represented to the Court by its legal representative. As defendants note, the real importance of the uncertainty about the appropriate costing standard is that it further undermines plaintiff's ability to make a substantial showing on the merits.

numbers needed to support this contention, defendants ultimately agreed to do so under seal, and their submissions further undermine plaintiff's contention that their rates are non-compensatory and unreasonably low. Accordingly, the Court finds that plaintiff has not made a substantial showing on the merits, as is required in order to obtain preliminary injunctive relief.

### B. PLAINTIFF HAS NOT SUFFICIENTLY SHOWN THAT IT WILL SUFFER IRREPARABLE INJURY IF RELIEF IS DENIED.

 Plaintiff claims that it will not get any MSC business under the Round 2 contract. It then proceeds to argue that because such business constituted 72% of *its* operations during its first three months of existence, it will be forced out of business if the contract goes through. In support of this, plaintiff has submitted a single affidavit by its president. As defendants argue, however, this affidavit does not convincingly demonstrate that plaintiff "will be out of business by the end of 1983" if the contract goes through. Plaintiff does have some other business, and also the contract for the next Round of MSC bidding will be awarded well before the end of 1983. Irreparability of injury is a very high standard; but, in order for plaintiff to obtain preliminary injunctive relief, the injury it alleges simply has to be irreparable. *See Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). It is important to note that plaintiff is also presently seeking relief from both the FMC and a Contracting Officer under the Contract Disputes Act. Although both sides concede that these administrative processes may take some time, plaintiff clearly is not without any recourse at law.[4] Accordingly, the Court finds that plaintiff has not sufficiently demonstrated that denial of preliminary injunctive relief will result in irreparable injury.

### C. ALTHOUGH THE BALANCE OF INJURY MAY FAVOR PLAINTIFF, THIS ALONE IS NOT ENOUGH TO SUPPORT A PRELIMINARY INJUNCTION.

 Plaintiff is a small, new competitor that depends for much business on the contracts involved here. Defendants are large, well-established carriers with numerous other sources of business that would indeed continue to share part of the contract even if the requested preliminary injunction were granted. This alone, however, is not sufficient to support the relief requested. The interests of other parties, such as the MSC, must also be taken into account. If the injunction were granted, it is not clear at what rates plaintiff would be allowed to book cargo. Both plaintiff's Round 1 and Round 2 bids are substantially higher than the rates the MSC will have to pay defendants under the new contract; and this would harm the MSC. And again, even if this does not tip the balance of injury against plaintiff, balance of injury alone is not sufficient to support the grant of preliminary injunctive relief.

### D. THE PUBLIC INTEREST DOES NOT PLAINLY FAVOR THE GRANT OF PRELIMINARY INJUNCTIVE RELIEF TO PLAINTIFF.

Plaintiff cites several statutes to support the view that there is a public interest in increased competition in the military transport business. Defendants counter that there is a public interest in paying less for military transport, as the government would do under the Round 2 contract, and also in having a competitive bidding process that is not repeatedly judicially upset. In the Court's view, it is indeed contrary to the public interest to impair the integrity of the competitive bidding process. *See M. Steinthal & Co., Inc. v. Seamans*, 455 F.2d 1289, 1301 (D.C.Cir.1971). Accordingly, the Court finds that the public interest does

---

**4.** The parties' suggestions that the pending FMC proceedings may take upwards of a year are extremely troublesome to the Court. As has often been observed, justice delayed is justice denied. In light of this principle, recourse for administrative delay has occasionally been had, albeit infrequently, under the Mandamus Act, 28 U.S.C. § 1361.

not plainly favor the grant of preliminary injunctive relief to plaintiff.

CONCLUSION

While the Court regrets the economic harm that may befall plaintiff when the Round 2 contract goes into effect, the Court is bound by the strict standards that have been established for the grant or denial of preliminary injunctive relief. Plaintiff simply has not satisfied these exacting standards, and thus the Court shall enter an order, of even date herewith, denying plaintiff's motion for a preliminary injunction. In accordance with the agreement of the parties, this action shall also hereby be dismissed.