METRIC SYSTEMS
CORPORATION, Plaintiff,

v.

The UNITED STATES, DEPARTMENT OF the AIR FORCE, Defendant.

No. 87–30280 WEA.

United States District Court,
N.D. Florida,
Pensacola Division.

Oct. 13, 1987.

J. Rankin Tippins, Corporate Counsel, Metric Systems Corp., Ft. Walton Beach, Fla., and Joseph T. Casey, Washington, D.C., for plaintiff.

Michael P. Finney, Asst. U.S. Atty., Pensacola, Fla., and Roger D. Graham, Lt. Colonel, USAF, Contract Law Div., Washington, D.C., for defendant.

## MEMORANDUM DECISION

ARNOW, Senior District Judge.

Before the court is defendant's motion to dismiss the complaint for lack of subject matter jurisdiction. The contention is that exclusive jurisdiction in a preaward contract case such as this lies in the United States Claims Court. Argument of counsel has been heard.

28 U.S.C. § 1491(a)(1) gives the United States Claims Court jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution or any Act of Congress or any regulation of an executive department or upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort."

In (a)(3) it is provided as follows:

To afford complete relief on any contract claim brought before the contract is awarded, the [Claims] court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief. In exercising this jurisdiction, the court shall give due regard to the interests of national defense and national security.

A number of courts which have reviewed this provision have concluded that the clear and unambiguous language of the statute vests exclusive jurisdiction in the Claims Court to hear preaward contract claims seeking declaratory and injunctive relief. *See e.g., Caddell Construction Company, Inc. v. Lehman,* 599 F.Supp. 1542 (S.D.Ga.1985); *American Coastal Line Joint Venture v. U.S. Lines,* 580 F.Supp. 932, 935 (D.D.C.1983); *Inter–Con Securities Systems, Inc. v. Orr,* 574 F.Supp. 250 (D.D.C.1983); *American District Telegraph v. Department of Energy,* 555 F.Supp. 1244, 1247 (D.D.C.1983); *Opal Manufacturing Co. v. UMC Industries, Inc.,* 553 F.Supp. 131, 133 (D.D.C.1982); *see also B.K. Instrument, Inc. v. United States,* 715 F.2d 713, 721 n. 4 (2d Cir.1983) (dictum).

Several other courts, however, have analyzed the legislative history of the FCIA and reached a contrary result. *See Smith & Wesson v. United States,* 757 F.2d 431, 433 (1st Cir.1985); *Coco Brothers Inc. v. Pierce,* 741 F.2d 675, 677 (3d Cir.1984); *accord, Acme of Precision Surgical Co., Inc. v. Weinberger,* 580 F.Supp. 490 (E.D. Pa.1984). These courts have relied on specific passages of legislative history in concluding that Congress did not intend to take away the district court's power to hear preaward cases when it enacted the FCIA. *See The Report of the House Judiciary Committee,* H.R.Rep. No. 312, 97th Cong. 1st Sess. 43–44 (1981); *The Report of the Senate Judiciary Committee,* S.Rep. No. 275, 97th Cong., 1st Sess., 22–23 (1981), *reprinted* in 1982 U.S.Code Cong. & Admin.News 11, 33.

This court reaches the conclusion that Judge Alaimo in *Caddell* was correct and that, under the statute, at least as it has existed since 1982, exclusive jurisdiction of this case is in the Court of Claims.

The statutory language is clear and unambiguous; under settled rules of statutory construction consideration of legislative history is improper because there is no ambiguity to be resolved.

Plaintiff contends that an exception to this rule was announced in *Consumer Products Safety Commission v. GTE Sylvania,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980). In that case the court was required to determine the meaning of language in the act involved. As this court

understands this case the Supreme Court utilized the legislative history to aid it in resolving some uncertainty in the act.

In *Diehl v. Secretary of Labor*, 696 F.2d 1325 (11th Cir.1983), the court had before it the meaning to be given the term "workplace" as used in the statute. It reached the conclusion that, as Congress left the term undefined in the act, it should be given its ordinary common sense meaning in the absence of clearly expressed contrary legislative intention.

To this court this decision does not depart from the long standing rule that, in the absence of ambiguity, resort to the legislative history to determine the meaning of a statute is improper.

As Judge Alaimo points out, citing *United Mine Workers v. Federal Mine Safety and Health Review Comm.*, 671 F.2d 615, 621 (D.C.Cir.1982), the legislative history may not be used as a means for construing a statute contrary to its plain meaning.

■ Plaintiff asserts that if the statute does vest exclusive jurisdiction in the Claims Court it is unconstitutional pursuant to *Northern Pipeline Construction Co. v. Marathon Pipeline*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Therein the court held that, insofar as the Bankruptcy Act of 1978 removed jurisdiction from an Article III court to a non-Article III court, it was unconstitutional. In so stating it listed recognized exceptions to the rule.

Of these exceptions the only one possibly applicable here is the public rights exception. Under it the Congress might create courts to adjudicate public rights. Under the decision a public right is a matter that is or could be exclusively determined by the executive or legislative branch and that is not inherently judicial.

There is not involved here a private right as there was in *Northern;* to the contrary, there is here involved a public right within the meaning of the exception.

The matter involved in this suit comes within the statutory grant of jurisdiction and involves matter that could have been exclusively determined by the executive or the legislative branch. Nor is it inherently judicial.

Plaintiff, pointing to the remedy section of the Claims Act, contends that the remedy of injunction is inherently judicial so that the act is unconstitutional. The remedy is not the touchstone of the distinction between the public and private right; it is the underlying right that is the determining factor.

Moreover, the remedy of injunction is not an inherently judicial function of an Article III court. The bankruptcy court, for example, has the power under the law to issue injunctions. 11 U.S.C. Bankruptcy Rules 7065, and *see In Re Sterling*, 125 F.2d 104 (9th Cir.1942). Giving the Court of Claims the remedy of injunction no more renders the act unconstitutional than does the granting of that remedy to the bankruptcy court make the Bankruptcy Act unconstitutional.

This court is without jurisdiction to determine this case; however, it concludes that the interest of justice require that it exercise the authority given it in 28 U.S.C. § 1631, and, rather than dismiss the suit, transfer it to the Claims Court of the United States.

Order will be entered in accordance with the foregoing.