**COMMERCIAL ENERGIES, INC., Lewis R. Dodds, and Kathleen Dodds, Plaintiffs,**

v.

**Honorable Richard B. CHENEY, Secretary of Defense, Donald B. Price, Secretary of the Air Force, Herman A. Peguese, United States Air Force, Chief, Contract Support Division, and Timothy Gavle, Contracting Officer, Defendants.**

**Civ. A. No. 90–F–369.**

United States District Court, D. Colorado.

April 2, 1990.

Gregory Kellam Scott, Denver, Colo., for plaintiffs.

James W. Winchester, Asst. U.S. Atty., Denver, Colo., for defendants.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER comes before the court on defendants' Motion to Dismiss and/or for Transfer. Defendants contend that the United States Court of Claims has exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1491(a)(3). For reasons stated below, defendants' motion is granted.

### 1. Background

This action involves a pre-award government contract dispute. The contract is for the purchase of natural gas by the Air Force to be supplied to a number of different Air Force bases. Plaintiff, Commercial Energies, Inc. ("CEI"), is a Small Disadvantaged Business concern ("SDB"), as defined in 48 C.F.R. § 219.001. A business that qualifies as an SDB is entitled to receive a price preference when bidding on government procurement contracts. The preference is set forth in 48 C.F.R. § 219.7001 which provides, in part, as follows:

> Each responsive offer, other than offers from SDB concerns, shall be adjusted for the purpose of price evaluation by adding a factor of 10%. The factor shall be applied on a line-item by line-item basis or to any group of line items on which award may be made as specifically provided by the solicitation.

48 C.F.R. § 219.7001.

In their complaint, plaintiffs contend that the Air Force is applying the 10% preference in an inappropriate manner, which might result in the contract being awarded to another bidder. Plaintiffs seek a temporary restraining order, preliminary and permanent injunctions enjoining defendants from awarding the contract, and various court orders directing defendants to comply with the applicable regulations.

### 2. Jurisdiction

Defendants contend that this court does not have jurisdiction over the matter. Defendants argue that 28 U.S.C. § 1491(a)(3) confers exclusive jurisdiction over pre-award contract disputes to the United States Court of Claims in Washington, D.C. Plaintiffs contend that the district courts and the Court of Claims have concurrent jurisdiction over these matters.

The statute provides, in pertinent part, as follows:

> To afford complete relief on any contract claim brought before the contract is awarded, the court shall have *exclusive* jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief.

28 U.S.C. § 1491(a)(3) (emphasis added).

The Tenth Circuit has not yet addressed this issue, however we are assisted by the plain language of the statute. The express language of 28 U.S.C. § 1491(a)(3) is clear—the Claims Court shall have "exclusive jurisdiction."

When the meaning of the statute is clear, it is both unnecessary and improper to resort to legislative history to divine congressional intent. *Edwards v. Valdez*, 789 F.2d 1477, 1481 (10th Cir.1986); *Caddell Construction Co. v. Lehman*, 599 F.Supp. 1542 (S.D.Ga.1985); *Metric Systems Corp. v. United States*, 673 F.Supp. 439 (N.D.Fla. 1987).

In *Caddell, supra*, the court rejected claimant's argument that the district court has concurrent jurisdiction with the Claims Court over pre-award contract disputes. The court held that Congress could not have been any more direct when it stated that the Claims Court shall have "exclusive jurisdiction" to handle these matters. *Id.*, 599 F.Supp. at 1546. Likewise, in *Metric Systems, supra*, the district court held that the statute gives the Claims Court exclusive jurisdiction and divests district courts of jurisdiction over pre-award contract disputes. *Id.*, 673 F.Supp. at 441. The Fourth Circuit has also held that Congress has determined that such claims should be prosecuted only in the Claims Court. *Rex*

*Systems, Inc. v. Holiday,* 814 F.2d 994, 998 (4th Cir.1987). *See also, Inter-con Securities Systems, Inc. v. Orr,* 574 F.Supp. 250 (D.D.C.1983) (exclusive jurisdiction of the Claims Court lies in the area of pre-award litigation); *Opal Manufacturing Co. v. UMC Industries, Inc.,* 553 F.Supp. 131 (D.D.C.1982) (the statute vests jurisdiction in the Claims Court for pre-award contract claims, to the exclusion of the district court).

We find that 28 U.S.C. § 1491(a)(3) confers exclusive jurisdiction with the Court of Claims, to the exclusion of the district courts.

Accordingly, IT IS ORDERED that defendants' Motion to Dismiss and/or for Transfer is GRANTED as to the motion to dismiss, and DENIED as to the motion for transfer. It is further,

ORDERED that Civil Action No. 90–F–369 is dismissed with prejudice, each party to bear its own costs. It is further,

ORDERED that any other pending motions are DENIED as moot.