**NORTH SHORE STRAPPING
COMPANY, INC.,**
Plaintiff,

v.

**UNITED STATES of America,
et al., Defendants.**

**No. 1:91 CV 1635.**

United States District Court,
N.D. Ohio, E.D.

April 2, 1992.

Patrick Peter Leneghan, Cleveland, Ohio, for plaintiff.

Alexander A. Rokakis, Asst. U.S. Atty., Cleveland, Ohio, for defendants.

## ORDER

BATTISTI, District Judge.

Before the Court is a motion to dismiss filed by Defendant United States of America. For the reasons set forth below, it is denied.

### FACTUAL BACKGROUND

This is a disappointed bidder case. Plaintiff North Shore Strapping Company, Inc. (North Shore) submitted an offer, which was rejected, for zinc coated steel strapping in response to a solicitation by agencies of Defendant United States of America. Plaintiff alleges that the Defendant Small Business Administration (SBA) exceeded its jurisdiction and acted in bad

faith in determining that its offer was unacceptable.

Apparently prior to the award of the contract, Plaintiff filed the present suit, seeking a determination that its product meets government specifications. In addition, Plaintiff seeks a supplier commitment letter and to have the contract awarded to it. In the alternative, Plaintiff seeks money damages.

When it filed suit, Plaintiff also moved for a temporary restraining order to prevent Defendants from awarding the contract in question. The Court denied that motion. Order of August 20, 1991. Plaintiff recently filed a letter stating that Defendants have issued another solicitation for zinc coated steel strapping. Plaintiff's Letter of March 25, 1992.

## DISCUSSION

The motion to dismiss raises the issue of jurisdiction. Plaintiff alleges jurisdiction on the basis of 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2201 (declaratory judgment), as well as 28 U.S.C. § 1346(b), the Federal Tort Claims Act. Defendant argues that jurisdiction is precluded under 28 U.S.C. § 1491 and 28 U.S.C. § 1346, statutory provisions commonly known as the Tucker Act. Defendant contends that under the Tucker Act, the Court of Claims has exclusive jurisdiction over the dispute at bar. The Sixth Circuit has stated that where the Tucker Act gives the claims court exclusive jurisdiction, the district court lacks jurisdiction regardless of other possible statutory bases. *A.E. Finley & Associates, Inc. v. United States*, 898 F.2d 1165 (6th Cir.1990). Thus, the issue *sub judice* turns entirely on the Tucker Act.

The Tucker Act reads, in relevant part:

The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded upon the Constitution, or any Act of Congress, or any regulation of an executive department, *or upon any express or implied contract* with the United States, or for liquidated or unliqui-

dated damages in cases not sounding in tort ...

28 U.S.C. § 1491(a)(1) (emphasis added).

To afford complete relief on any contract claim *brought before the contract is awarded,* the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief. In exercising this jurisdiction, the court shall give due regard to the interests of national defense and national security.

28 U.S.C. § 1491(a)(3) (emphasis added).

The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of ... (2) [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and (10)(a)(1) of the Contract Disputes Act of 1978.

28 U.S.C. § 1346(a).

As a threshold matter, the courts have found standing in disappointed bidder cases. *See, e.g., Cincinnati Electronics Corp. v. Kleppe,* 509 F.2d 1080 (6th Cir. 1975); *Scanwell Laboratories, Inc. v. Shaffer,* 424 F.2d 859 (D.C.Cir.1970). *See also B.K. Instrument, Inc. v. United States,* 715 F.2d 713 (2nd Cir.1983). *Cf. Diebold v. United States,* 947 F.2d 787 (6th Cir.1991) (holding that jurisdiction exists over claim of wrongful privatization).

■ As an independent inquiry, however, the courts have had to consider whether the Tucker Act divests the district court of jurisdiction in favor of the claims court. It is fair to say that the courts have had some difficulty interpreting the Tucker

Act. The circuits that have considered the specific question presented here have resolved it differently. *See J.P. Francis & Associates v. United States*, 902 F.2d 740 (9th Cir.1990) (discussing split of authority) (*citing B.K. Instrument*, 715 F.2d 713); *Ulstein Maritime, Ltd. v. United States*, 833 F.2d 1052 (1st Cir.1987) (district courts have jurisdiction); *Coco Brothers, Inc. v. Pierce*, 741 F.2d 675 (3rd Cir.1984) (same). The Sixth Circuit has considered this question only in dicta. It mentioned that Congress, by enacting § 1491(a)(3), "did not intend to displace the power of federal district courts ..." *Diebold*, 947 F.2d at 802–06. The Court follows the view of the First and Third Circuits, and what it takes to be the view of the Sixth Circuit, that it has jurisdiction.

 The general rule under the Tucker Act is that the claims court has exclusive jurisdiction over actions for more than $10,000, and those founded upon a contract with the United States, regardless of the amount involved, with exceptions not applicable here. *A.E. Finley*, 898 F.2d at 1167. Furthermore, a plaintiff may not avoid the claims court by suing for declaratory or injunctive relief where it would be the equivalent of money damages. *Id.* At the same time, "if the 'prime objective' of plaintiff's claims is not to obtain monetary relief from the federal government, the district court may exercise jurisdiction ..." *United Liberty Life Insurance Co. v. Ryan*, 772 F.Supp. 366 (S.D.Ohio 1991). Here, Plaintiff has as its prime objective declaratory or injunctive relief rather than money damages. Through declaratory relief to the effect that its product meets government specifications, it seeks the ability to compete for not only the current contract but future contracts as well.[1]

But the general rules are somewhat different in the disappointed bidder context.

While the claims courts previously had been unable to grant injunctive relief, it was given such power in certain situations, pursuant to the Federal Courts Improvement Act, as codified at 28 U.S.C. 1491(a)(3). Accordingly, the combination of statutory changes either permits both claims court and the district court to hear disappointed bidder cases where an injunction is sought, or it allows only the former to do so.

 As is evident from the *Scanwell* decision and its progeny, the district court possesses jurisdiction to entertain challenges to government procurement, where a suit is filed after the contract has been awarded. *See Diebold*, 947 F.2d at 802 ("After Congress enacted the [Administrative Procedure Act], federal courts of appeals began to recognize standing and jurisdiction in disappointed bidder cases, thus allowing disappointed bidders to complain of arbitrary action by government agencies in the context of procurement statutes.") *See also Ulstein Maritime*, 833 F.2d at 1058; *Coco Brothers*, 741 F.2d at 676. Even the cases holding that the district court does not have jurisdiction over pre-award cases find jurisdiction for post-award cases. *See, e.g., B.K. Instrument*, 715 F.2d 713. Thus, Defendant's position cannot be that the district court lacks jurisdiction altogether over disappointed bidder cases. Instead, Defendant's position must be that a district court lacks jurisdiction where, as here, suit is filed before the contract has been awarded.

The Court finds Defendants' position unpersuasive for three reasons. First, the distinction between pre-award and post-award litigation is one without substance. In the present case, for example, it appears that the suit was filed before the contract was awarded, but presumably the contract has been awarded in the interim. Thus,

---

1. At this stage, the Court need not address the possibility that, instead of equitable relief, money damages would be appropriate. Again, tension exists between the Tucker Act provisions which appear to oust the district court of jurisdiction to grant money damages where a case is founded upon a contract with the federal government, and case law suggesting that a dis-appointed bidder case is not "founded upon" a contract. *See B.K. Instrument*, 715 F.2d at 727–28. *Cf. A.E. Finley*, 898 F.2d at 1168 (warning against giving "an overly expansive scope" to the "founded upon" language); *State of Tennessee v. Dole*, 749 F.2d 331, 334–35 (6th Cir.1984) (same), *cert. denied*, 472 U.S. 1018, 105 S.Ct. 3480, 87 L.Ed.2d 615 (1985).

the procedural posture of the suit at this point resembles that of a post-award case. Where a rejected bidder wishes to pursue offers that arise on a regular or seasonable basis, every case has the potential to be both post-award and pre-award, as the offer which prompted the suit is awarded, and another eventually is issued.

Second, adopting Defendants' view leads to "an irrational anomaly ... The claims court can review actions by the SBA and grant injunctive relief where necessary. Yet the district court with the same jurisdiction in pre-award cases and sole jurisdiction in post-award cases, would be unable to grant any such relief. This situation would encourage every bidder whose bid might be conceivably be frustrated by illegal acts of the SBA to file preemptive pre-award litigation in the claims court in order to preserve the right to effective judicial review." *Ulstein Maritime,* 833 F.2d at 1058.

Third, as the *Coco Brothers* court explained in detail, the legislative history clearly shows that Congress approved of district court review of government contract awards, in both the pre-award and post-award settings. Insofar as the statutory provisions refer to "exclusive" jurisdiction on the part of the claims court, it meant to the exclusion of the board of contract appeals. *Coco Brothers,* 741 F.2d at 678–80. *See also Diebold,* 947 F.2d at 805–06.

Finally, Defendant argues that the Federal Tort Claims Act requires that a claimant present its claim to the federal agency involved. Given that the Tucker Act, and not the Federal Tort Claims Act, governs the jurisdictional questions, and considering that none of the other disappointed bidder cases have precluded judicial review because of the Federal Tort Claims Act, Defendant's argument has no merit.

Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.