**NATIONAL STEEL AND SHIPBUILDING, COMPANY, and Southwest Marine, Inc., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 334–85C.**

United States Claims Court.

June 5, 1985.

Michael L. Burack, Washington, D.C., for plaintiffs. Frederick P. Crowell and William E. Grauer, Gray, Cary, Ames & Frye, San Diego, Cal., of counsel.

Helene M. Goldberg, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

### ORDER ON APPLICATION FOR PRELIMINARY INJUNCTION

NETTESHEIM, Judge.

On June 4, 1985, plaintiffs filed a complaint for injunctive and declaratory relief under 28 U.S.C. § 1491(a)(3) (1982), and moved for an immediate scheduling conference, which has been held.

Plaintiffs filed this action under the terms of a temporary restraining order entered by Hon. Leland·C. Nielsen in *National Steel & Shipbuilding Co. v. John Lehman, et al.,* Case No. 85–1355–N(CM) (S.D. Cal. June 4, 1985), providing, *inter alia:*

Plaintiffs shall also file an action in the Claims Court no later than the close of

business on June 6, 1985, seeking substantially the same declaratory and injunctive relief as in this action, and shall expeditiously pursue temporary relief in that action.

It appears that the district court required the filing of a duplicate action in this court because it questioned whether it had concurrent jurisdiction to grant injunctive relief for the award of a contract pursuant to 28 U.S.C. § 1491(a)(3). Two courts of appeals have held that the grant of injunctive authority in the pre-award context to the United States Claims Court did not divest the district courts of jurisdiction in such cases, *In re Smith & Wesson*, 757 F.2d 431 (1st Cir.1985); *Coco Brothers, Inc. v. Pierce*, 741 F.2d 675, 677–79 (3d Cir.1984), although one appellate court is of a different view. *B.K. Investments v. United States*, 715 F.2d 713, 715, 721 n. 4 (2d Cir.1983) (dictum). The Federal Circuit in *United States v. John C. Grimberg Co.*, 702 F.2d 1362, 1373, 1376 (Fed.Cir.1983), did not decide the question, but strongly suggested that pre-award jurisdiction was concurrent.[1] This court adopts the sound analysis of the Third Circuit in *Coco Brothers*, as endorsed by the First Circuit, and holds that this court has concurrent jurisdiction over 1491(a)(3) suits with that of the district courts.[2]

The Government here concedes that jurisdiction lies over plaintiffs' complaint in the district court, although the contrary was urged to Judge Nielsen. The Government takes the position now that the jurisdiction reposed in the district court and the Claims Court is not concurrent, because only this court can consider claims based on an implied-in-fact contract. It is not decided whether such a contract has been established. However, if this court's exercise of jurisdiction turned on such a deter-

mination, plaintiffs would be whipsawed— which Congress manifestly did not intend— by exercising their prerogative to file a lawsuit in district court only to be met with the objection that the claim is really one based on an implied-in-fact contract, which lies exclusively within the jurisdiction of this court, and then met in this court (assuming the district court action had been dismissed) with the argument that jurisdiction was lacking due to the failure to prove a contract implied in fact.

The difficulty posed to accommodating the district court's order has been addressed in *A.C. Seeman, Inc. v. United States*, 5 Cl.Ct. 386 (1984); and *Smith & Wesson, Inc. v. United States*, No. 620–84C (Cl.Ct. Nov. 30, 1984) (unpublished), wherein complaints filed in this court for pre-award injunctive relief were dismissed for lack of jurisdiction of the subject matter because similar actions previously had been initiated in district court. Lack of jurisdiction was mandated by 28 U.S.C. § 1500 (1982), which deprives this court of jurisdiction "of any claim for or in respect to which the plaintiff ... has pending in any other court any suit or process against the United States...." Once plaintiffs' suit was filed in federal district court, 28 U.S.C. § 1500 precludes this court from exercising jurisdiction. *Dwyer v. United States*, 7 Cl.Ct. 565 (1985) (order denying motion for summary judgment).

Based on the foregoing,

IT IS ORDERED, as follows:

1. Plaintiffs' complaint shall be dismissed for lack of jurisdiction of the subject matter pursuant to 28 U.S.C. § 1500. No opinion is expressed on whether plaintiffs have established the existence of an implied-in-fact contract.

---

1. In *F. Alderete General Contractors v. United States*, 715 F.2d 1476, 1478 (Fed.Cir.1983), language is present to indicate that the district court considered that it lacked jurisdiction over a pre-award injunctive action. However, this court does not read *Alderete* as holding to that effect.

2. The Government requested to brief the jurisdictional issue. However, the cited decisions had the benefit of the Government's arguments, and this court thoroughly analyzed all the pertinent legislative history and case law dealing with statutory interpretation, discussed as well by the Federal Circuit in *Grimberg*, before following the Third and First Circuits.

2. Should the district court dismiss this case based on its view that the Claims Court has exclusive jurisdiction of pre-award injunction actions, this matter shall be deemed reinstituted, upon the filing of a notice that such an order has entered, *nunc pro tunc* as of the date and hour of any such order of dismissal.

3. Should this case be transferred pursuant to 28 U.S.C. § 1631 or reactivated pursuant to ¶ 2 hereof, the matter will be set at the earliest possible hour for hearing on plaintiffs' application for a temporary restraining order.

No costs.