**J.P. FRANCIS & ASSOCIATES, INC., Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 89–35347.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 1989.

Decided April 30, 1990.

John Lukjanowicz, Oles, Morrison & Rinker, Seattle, Wash., for plaintiff-appellant.

Anastasia Dritshulas Bartlett, Asst. U.S. Atty., Seattle, Wash., for defendant-appellee.

Before WALLACE and NELSON, Circuit Judges, and WILSON [1], District Judge.

WILSON, District Judge:

This is an appeal from the district court's denial of a motion for preliminary injunction. On November 23, 1988 the Seattle District Army Corps of Engineers ("Corps") solicited bids for the alteration of housing units at McChord Air Force Base. The solicitation, as amended, provided that bids were due by 2:00 p.m. on January 10, 1989. Appellant J.P. Francis and Associates ("Francis") attempted to bid on the contract, but its bid was rejected as untimely. Francis protested the rejection of its bid in a January 11, 1989 letter to the Corps. In a memorandum dated January 27, 1989, the Corps denied the protest, thus upholding the initial decision of untimeliness. Francis then appealed to the Corps Division offices in Portland. The Division Counsel rendered a decision on March 7, 1989, which again upheld the initial decision. Thereafter, having exhausted its administrative remedies, Francis filed suit in the United States District Court for the Western District of Washington. Francis sought to enjoin the Corps from awarding the contract to a competing bidder. The district court, the Honorable Barbara J. Rothstein presiding, found that the plaintiff had no chance of success on the merits, and thus denied the motion. This appeal followed.

The threshold issue before the court is whether the district court had jurisdiction over this matter. In 1970, the Court of Appeals for the District of Columbia held that a rejected bidder for a government contract had standing to sue pursuant to the Administrative Procedures Act, 5 U.S.C. § 702. *Scanwell Laboratories, Inc. v. Shaffer*, 424 F.2d 859 (D.C.Cir.1970). Thus, prior to the enactment of the Federal Court Improvement Act of 1982 ("FCIA"), judicial review of the legality of contracts made pursuant to federal procurement laws was well established. *Parola v. Weinberger*, 848 F.2d 956, 959 (9th Cir. 1988). In 1982, however, the FCIA replaced the Court of Claims with the United States Claims Court and enlarged the new court's jurisdiction beyond that of its predecessor. The Claims Court was empowered as follows:

> To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordi-

1. The Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation.

742

nary relief as it deems proper, including but not limited to injunctive relief.

28 U.S.C. § 1491(a)(3). Since the appellant sought to prevent the awarding of the contract to another bidder, section 1491(a)(3) is applicable to the case at bar. Thus, the issue before the court is whether this provision divests the district courts of jurisdiction to issue pre-award injunctions.

This court has yet to address this question. Further, the circuits that have decided this question are split as to whether jurisdiction is concurrent or vested exclusively in the Claims Court. The Fourth Circuit has held that, pursuant to § 1491(a)(3), claims asserted under the federal procurement laws can only be prosecuted in the Claims Court. *Rex Systems, Inc. v. Holiday*, 814 F.2d 994, 997–998 (4th Cir.1987). The Second Circuit has also embraced this interpretation, although in dicta. *B.K. Instrument, Inc. v. United States*, 715 F.2d 713, 721 n. 4 (2d Cir.1983). In neither *Rex Systems* nor *B.K. Instrument* did the court explain its holding. However, the most likely explanation is that those courts interpreted the phrase "exclusive jurisdiction" in § 1491(a)(3) to mean exclusive of any and all other courts. *See, e.g., Caddell Construction Co., Inc. v. Lehman*, 599 F.Supp. 1542, 1545–1546 (S.D. Georgia 1985). Indeed, the Ninth Circuit has recently stated that the "exclusive jurisdiction" language is "clear." *Price v. United States General Services Administration*, 894 F.2d 323, 324 (9th Cir.1990).

The leading case reaching the contrary conclusion, i.e. that both the district courts and the Claims Court have jurisdiction, is *Coco Bros., Inc. v. Pierce*, 741 F.2d 675 (3d Cir.1984). In *Coco Bros.*, the Third Circuit acknowledged the plausibility of the foregoing interpretation of "exclusive." However, based upon its reading of the legislative history, the *Coco Bros.* court held that "exclusive" meant exclusive of the boards of contract appeals, and that the jurisdiction of the district courts was not to be disturbed. *Id.* at 678–679. Other courts have reached the same conclusion. *See Ulstein Maritime, Ltd. v. United States*, 833 F.2d 1052, 1057–1058 (1st Cir.1987) (28 U.S.C. § 1491(a)(3) was not intended to "al-

ter the preexisting equitable powers of the district courts."); *In re Smith & Wesson*, 757 F.2d 431, 435 (1st Cir.1985) ("28 U.S.C. § 1491(a)(3) did not divest the district courts of jurisdiction in pre-award contract claims."); *National Steel & Shipbuilding Co. v. United States*, 8 Cl.Ct. 274, 275 (1985) ("[T]his court has concurrent jurisdiction over 1491(a)(3) suits with that of the district courts."); *see also United States v. John C. Grimberg Co., Inc.*, 702 F.2d 1362, 1373 (Fed.Cir.1983) (not deciding the issue, but noting that the legislative history of § 1491(a)(3) suggests an intent to leave "untouched the powers of the district court in government contract cases.").

Notwithstanding this apparent weight of authority, we conclude that the foregoing analysis is erroneous. The term "exclusive jurisdiction" is not ambiguous. "Unless exceptional circumstances dictate otherwise, if we find the statutory language unambiguous, then we will not resort to the legislative history." *Fernandez v. Brock*, 840 F.2d 622, 632 (9th Cir.1988); *see also Burlington Northern R.R. v. Okla. Tax Comm'n.*, 481 U.S. 454, 461, 107 S.Ct. 1855, 1859, 95 L.Ed.2d 404 (1987) ("Unless exceptional circumstances dictate otherwise, 'when we find the terms of a statute unambiguous, judicial inquiry is complete.'" (quoting *Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981))); *Standing Deer v. Carlson*, 831 F.2d 1525, 1530 (9th Cir.1987) ("[W]here, as here, the language of a statute is unambiguous, examination of the statute's legislative history is unnecessary."). There are no exceptional circumstances requiring us to look beyond the plain unambiguous meaning of the statute.

As a result of the foregoing, we find that 28 U.S.C. § 1491(a)(3) divests the district court of jurisdiction over pre-award government contract claims. Accordingly, this case is hereby remanded to the district court and that court is ordered to vacate its decision in this matter and dismiss the case for want of subject matter jurisdiction.