**NEEB–KEARNEY & CO.**

v.

**UNITED STATES DEP'T OF LABOR, et al.**

**Civ. A. No. 91–2916.**

United States District Court, E.D. Louisiana.

Dec. 10, 1991.

---

Nathan T. Gisclair, Jr., Brian Thomas Leftwich, David Wayne O'Quinn, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, La., for plaintiff.

Joan Elaine Chauvin, U.S. Attys. Office, New Orleans, La., for defendants.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on (1) the "Motion to Dismiss" by the defendant, United States Department of Labor ("DOL"), for failure to exhaust administrative remedies and by the defendant, United States Army, for lack of subject matter jurisdiction and (2) the "Motion for Summary Judgment, or, Alternatively, for Preliminary Injunction" by the plaintiff, Neeb–Kearney & Company, Inc. These motions, set for hearing on December 4, 1991, were taken under submissions without oral argument.

## FACTUAL/PROCEDURAL BACKGROUND

In 1989, the plaintiff sought to bid on an Army contract being solicited to provide "stevedoring and related terminal services" at the Military Traffic Management Command Gulf Outport in New Orleans, Louisiana.[1] The services under the pre–1989 contract were being performed by Ryan–Walsh Stevedoring Company ("Ryan–Walsh") at the wage rates collectively bargained by it and the International Longshoremen's Association ("ILA"). Since the employees of the predecessor contractor, Ryan–Walsh, were covered by the collective bargaining agreement, pursuant to Section 4(c) of the McNamara–O'Hara Service Contract Act, 41 U.S.C. § 353(c) ("the Act"), the services to be called for in the successor (1989) contract were subject to being performed at the wage rate in that agreement.[2] This rule would not apply, however, if the wages paid for the services of a similar character in the locality substantially varied from those called for by the Ryan–Walsh/ILA collective bargain agreement. Believing that such a substantial variance existed,[3] the plaintiff on April

1. Solicitation No. DAHC24–89–R–0006.

2. The statute provides:
   No contractor or subcontractor under a contract, which succeeds a contract subject to this chapter and under which substantially the same services are furnished, shall pay any service employee under such contract less than the wages and fringe benefits, and any prospective increases in wages and fringe benefits provided for in a collective-bargaining agreement as a result of arm's-length negotiations, to which such service employees would have been entitled if they were employed under the predecessor contract: *Provided,* That in any of the foregoing circumstances such obligations shall not apply if the Secretary finds after a hearing in accordance with regulations adopted by the Secretary that such wages and fringe benefits are substantially at variance with those which prevail for services of character similar in the locality.
   41 U.S.C. § 353(c).

3. The core of the plaintiff's contention is that the work to be performed pursuant to the contract is not "stevedoring" as the DOL and Army maintains; rather, that it is "materials movement." Thus, the plaintiff contends that the Ryan–Walsh/ILA collective bargaining agreement wage rates for *stevedores* of approximately $18.00 per hour vary substantially from the rates in the New Orleans Metropolitan Area of approximately $8.00 to $11.00 per hour for *ma-*

18, 1989 began the administrative action underlying this cause by filing a request for a "substantial variance" hearing with the Administrator of the Wage and Hour Division, United States Department of Labor ("Administrator"). Specifically, this request for a hearing concerned the collectively bargained wage rates and fringe benefits issued by the Department of Labor in Wage Decision No. 73–71 (Rev. 10) and made applicable to the Army contract on which the plaintiff wanted to bid. By letter, dated January 24, 1990,[4] the Administrator formally denied the plaintiff's request finding that no convincing evidence of a substantial variance had been presented.[5]

On March 23, 1990, the plaintiff filed a "Petition for Review" before the Deputy Secretary of Labor, appealing the Administrator's denial of its hearing request. On June 25, 1990, in compliance with the order of the Deputy Secretary,[6] the Administrator submitted the administrative record and the Statement of the Administrator to the Secretary. The plaintiff filed its reply thereto on September 7, 1990. This matter remained pending until December 3, 1991 when the Deputy Secretary denied the plaintiff's "Petition for Review."

On August 8, 1991, although its administrative remedies had not been exhausted, the plaintiff, feeling aggrieved by the DOL's failure to rule on the "Petition for Review" for over a year, commenced this action for declaratory judgment. On September 3, 1991, the plaintiff amended and supplemented its complaint to add the United States Army as a defendant because a new government contract is to be awarded by it which involves the same wage determination which was the subject of the "Pe-

tition for Review". Bids on this contract are being received by the Army pursuant to Solicitation No. DAHC24–91–R–0003, with the formal award to be made on January 1, 1992. The plaintiff also seeks relief on this pre-award government contract claim.

## THE LAW

1. The DOL's Motion to Dismiss and the Plaintiff's Motion for Summary Judgment or Preliminary Injunction

The DOL's December 3, 1991 ruling on the plaintiff's "Petition for Review" moots the motion to dismiss as to the DOL. There is now a final agency decision which is subject to review under the Administrative Procedures Act ("APA"). In this Circuit the standard of review under the APA is:

The APA directs that a court shall "hold unlawful and set aside agency action, findings, and conclusions found to be— (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). A reviewing court must determine "whether the decision was based on a consideration of the relevant factors and whether there had been a clear error of judgment." *Motor Vehicle Mfrs. Assn. v. State Farm Mut.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 2867, 77 L.Ed.2d 443, 458 (1983). The scope of review is narrow and we may not substitute our judgment for that of the agency. Notwithstanding, a rule or regulation may be deemed arbitrary and capricious where the agency "offer[s] an explanation for its decision that runs counter to the evidence before the agency...." *Id.*

---

*terials movement and container handling services.*

**4.** By this time the 1989 contract had already been awarded.

**5.** If the request had been granted, the matter would have been referred to an Administrative Law Judge for a hearing, at which all interested parties could participate, to determine if a substantial variance actually existed.

**6.** Ordinarily, a party may file a petition for review with the Board of Service Contract Appeals ("the Board"). 29 C.F.R. § 8.7(b). The Secretary, or her designee, however, performs the functions of the Board pending the appointment of a duly constituted Board. 29 C.F.R. § 8.0. When the plaintiff filed its petition for review, the Deputy Secretary had been designated by the Secretary to perform the function of the Board. The Office of the Deputy Secretary is currently vacant; thus, the Secretary has reassumed the Board's function.

*DeSoto General Hosp. v. Heckler,* 766 F.2d 182, 184–85 (1985). Thus, at the present time it would be inappropriate for the Court to grant the plaintiff's motion for summary judgment or preliminary injunction against the DOL and the Army.[7]

2. The Army's Motion to Dismiss for Lack of Subject Matter Jurisdiction

■ The Army contends that because the contract has not been awarded the action herein is a pre-award government contract claim and this Court does not have subject matter jurisdiction. The Federal Courts Improvement Act, 28 U.S.C. § 1491(a)(3), empowered the United States Claims Court: "To afford complete relief on any contract claim brought before the contract is awarded, *the court shall have exclusive jurisdiction* to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief." (Emphasis added.) There is a split among the Circuits with respect to whether the "exclusive jurisdiction" language completely divests district courts of jurisdiction or whether there is concurrent jurisdiction with the Claims Court. Even within the Federal Circuit there appears to be a split in the authorities.[8]

The Ninth Circuit, in *J.P. Francis & Associates, Inc. v. United States,* 902 F.2d 740, 742 (9th Cir.1990), held that "28 U.S.C. § 1491(a)(3) divests the district court of jurisdiction...." The holding of the *J.P. Francis* court that the term "exclusive jurisdiction" is unambiguous, and that there were no exceptional circumstances requiring it to look beyond the plain unambiguous meaning of the statute, concurred with the holding of the Fourth Circuit, in *Rex Systems, Inc. v. Holiday,* 814 F.2d 994, 997–98 (4th Cir.1987), and the Second Circuit in dicta, in *B.K. Instrument, Inc. v. United States,* 715 F.2d 713, 721 n. 4 (2d Cir.1983), that jurisdiction is vested exclu-

sively in the Claims Court. Thus, the Ninth Circuit rejected the analysis of the Third Circuit, in *Coco Bros., Inc. v. Pierce,* 741 F.2d 675, 679 (3d Cir.1984), that the legislative history demonstrated that the term "exclusive" meant exclusive of the boards of contract appeals, and that the jurisdiction of the district courts was not to be disturbed. The First Circuit, in *Ulstein Maritime, Ltd. v. United States,* 833 F.2d 1052, 1057–58 (1st Cir.1987) and *In re Smith & Wesson,* 757 F.2d 431, 435 (1st Cir.1985), and the Claims Court, in *National Steel & Shipbuilding Co. v. United States,* 8 Cl.Ct. 274, 275 (1985), are in accord with *Coco.*

The Fifth Circuit has not heretofore been required to determine whether district courts have jurisdiction over pre-award government contract claims. However, in this Circuit, when the terms of a statute are unambiguous, judicial inquiry is complete. *State Bank & Trust Co. v. "D.J. Griffin" Boat,* 926 F.2d 449, 451 (5th Cir. 1991); *Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981). Since this Court concludes the language "the [claims] court shall have *exclusive* jurisdiction" is unambiguous its inquiry is complete. Specifically, it concurs with the above decisions of the Ninth, Fourth and Second Circuits. Accordingly,

IT IS HEREBY ORDERED that the defendants Motion to Dismiss, for failure to exhaust administrative remedies, is DISMISSED as MOOT and the United States Army's Motion to Dismiss, for lack of subject matter jurisdiction, is GRANTED.

IT IS FURTHER ORDERED that the plaintiff's Motion for Summary Judgment, or, Alternatively, for Preliminary Injunction is DENIED.

---

7. From the present submissions the Court is unable to determine the basis the "Petition for Review" was denied. Nothing in this opinion should be construed to prevent the plaintiff, at a later date, from proceeding to demonstrate that the DOL's denial of its "Petition for Review" is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

8. *F. Alderete General Contractors, Inc. v. United States,* 715 F.2d 1476 (Fed.Cir.1983) (dicta that the district court is completely divested of jurisdiction); *Contra United States v. John C. Grimberg Co.,* 702 F.2d 1362 (Fed.Cir.1983) (dicta that the district court retains concurrent jurisdiction).